IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Sonic Automotive, Inc., | : | |
| | : | Case No. 1:10-cv-717 |
| Plaintiff, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING MOTIONS FOR |
| Chrysler Insurance Company, *et al.*, | | RECONSIDERATION |
| | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on (1) Defendant Chrysler Insurance Company's Motion to Reconsider (doc. 53); (2) Defendant Lumbermens Mutual Casualty Company's Motion to Reconsider (doc. 56); (3) Defendant Great American Assurance Company's Joinder in Chrysler Insurance Company's Motion for Reconsideration (doc. 61); and (4) Defendant Lumbermens Mutual Casualty Company's Motion for Joinder (doc. 63). For the reasons that follow, the motions will be **DENIED**.

I.  PROCEDURAL BACKGROUND

Plaintiff Sonic initiated this action against the Defendant Insurers on October 15, 2010. Sonic alleges the Defendant Insurers wrongfully have denied or failed to acknowledge coverage pursuant to insurance policies issued to Sonic in regards to certain liability lawsuits filed against Sonic. Defendant Insurers filed dismissal motions primarily arguing that Sonic's claims were not timely filed. On July 14, 2011, the Court issued an Order (doc. 49) in which Chrysler Insurance's motion was granted in part and denied in part, Great American's motion was granted in part and denied in part, Lumbermens's motion was denied, and Universal's motion was

1

granted in part and denied in part.

Chrysler Insurance and Lumbermens now have filed separate motions seeking the Court to reconsider the July 14, 2011 Order in part. Additionally, Lumbermens and Great American have filed joinder motions by which they purport to join in Chrysler Insurance's motion for reconsideration. The Court will treat the Lumbermens's and Great American's joinder motions as separate motions for reconsideration.

## II.     STANDARDS GOVERNING MOTIONS FOR RECONSIDERATION

There are three grounds for amending a judgment pursuant to Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at the time of trial; and (3) to correct a clear error of law or to prevent manifest injustice." *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997); *see also Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (same). Resolution of a motion for reconsideration is within the discretion of the district court. *Cline v. City of Mansfield*, 745 F. Supp. 2d 773, 841 (N.D. Ohio 2010).

## III.    ANALYSIS

### A.     **Chrysler Insurance's Motion for Reconsideration**

Chrysler Insurance seeks the Court to certify a question to the Ohio Supreme Court as to whether courts following Ohio law should apply the 1971 version or the 1988 revision of the Restatement (Second) of Conflicts of Law § 142 to resolve claims with a disputed statute of limitations between differing jurisdictions. (Doc. 53 at 5.) Chrysler Insurance also seeks the Court to amend the July 14, 2011 Order to hold that Sonic cannot challenge certain coverage determinations it made.

The relevant Ohio procedural rule for certifying questions to the Ohio Supreme Court states as follows:

> The Supreme Court may answer a question of law certified to it by a court of the United States. This rule may be invoked when the certifying court, in a proceeding before it, issues a certification order finding there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court.

Ohio Sup. Ct. R. Prac. 18.1. The decision to certify a question of state law to a state supreme court is within the district court's discretion. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). "[U]se of the certification procedure is most appropriate when the question of state law is new and state law is unsettled." *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995). Furthermore, "[n]ovel or unsettled questions of state law may be appropriate for certification where certification will save time, energy and resources, or where there are conflicting federal interpretations of an important state law question which would otherwise evade state court review." *Metz v. Unizan Bank,* 416 F. Supp. 2d 568, 574 (N.D. Ohio 2006) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 77 (1997); *Geib v. Amoco Oil Co.*, 29 F.3d 1050, 1060 (6th Cir. 1994)).

As stated in the Court's previous Order, there is a split in authority on whether to apply the 1971 version or the 1988 revision of the Restatement (Second) of Conflicts of Law § 142. (Doc. 49 at 8-9.) The majority position in both federal and state courts is to apply the 1971 version. *See*, *e.g.*, *Cole v. Mileti*, 133 F.3d 433, 437 (6th Cir. 1998); *Dudek v. Thomas & Thomas*, 702 F. Supp. 2d at 834 n.8 (N.D. Ohio 2010); *Capital One Bank (USA), N.A. v. Rodgers*, No. CT2009-0049, 2010 WL 3620304, at *2 ¶ 18 (Ohio App. Sept. 14, 2010). On the other hand, Judge Marbley of the Southern District of Ohio applied the 1988 revision of § 142.

3

*Curl v. Greenlee Textron, Inc.*, 404 F. Supp. 2d 1001, 1004 (S.D. Ohio 2005). This Court adopted the majority position and applied the 1971 version of § 142 in the July 14, 2001 Order. (Doc. 49 at 9.)

      An Ohio Supreme Court ruling on the § 142 issue would not resolve this proceeding. The Court briefly must address Sonic's contention to the contrary. Initially, Chrysler Insurance concedes that a ruling on the § 142 issue would not determine Sonic's declaratory judgment claim, at least as a technical matter. (Doc. 53 at 6.) Chrysler Insurance contends, as a practical matter, however, that Sonic ultimately will be barred from recovery on the declaratory judgment claim and on its breach of contract claim. Chrysler Insurance's three disclaimer letters to Sonic, dated between December 2004 and July 2005, disclaimed coverage to Sonic under the Coverage E provision of its policy. If the Court were to apply the 1988 version of § 142, then North Carolina's statute of limitations would apply, and all three of the disclaimer letters would have been issued on dates outside the statute of limitations. Chrysler Insurance argues that Sonic cannot seek damages for denial of benefits decisions made within the statute of limitations when the initial coverage determinations were made outside the statute of limitations. Not surprisingly, Sonic disagrees. The Court notes that Chrysler Insurance has not provided any legal authority supporting its contention. The Court cannot on the current record and briefs resolve the substantive merits of Sonic's claims against Chrysler Insurance. Chrysler Insurance may brief the issue again with citation to legal authority at a later appropriate time, such as in a dispositive motion following discovery.

      In sum, the Court cannot conclude at this time that a § 142 ruling would be dispositive of

4

Sonic's claims against Chrysler Insurance.[1]  The Court, therefore, declines to certify the matter to the Ohio Supreme Court.  The Court also declines to amend the July 14, 2011 Order to hold that Sonic cannot challenge coverage determinations first made by Chrysler Insurance outside the statute of limitations but applied by Chrysler Insurance to deny benefits to Sonic within the statute of limitations.  Chrysler Insurance's motion is denied.

**B.     Lumbermens's and Great American's Joinder Motions**

Lumbermens's and Great American's joinder motions, which are treated as motions for reconsideration herein, are denied for the same reasons that Chrysler Insurance's motion is denied.

**C.     Lumbermens's Motion for Reconsideration**

Finally, Lumbermens separately moves for reconsideration on different grounds.  Lumbermens states that the Court misconstrued an element of Sonic's claim against it.  Lumbermens moves for reconsideration on the basis of Rule 59(e)(3).  The motion is well-taken to the extent that Lumbermens has pointed out a typographical error in the July 14, 2011 Order.  On page 22 of that Order, the Court stated "Sonic does seek a declaration that Lumbermens has a duty to defend."  (Doc. 49 at 22.)  The Order should state that "Sonic does **not** seek a declaration that Lumbermens has a duty to defend."  The Court will amend the Order to correct the typographical error.

However, the Court stands by its substantive conclusion in the Order.  In the Order, the

---

[1] Additionally, Sonic points out that the § 142 issue has continued to arise in Ohio appellate courts as recently as 2010.  *See Midland Funding, LLC v. Paras*, No. 93442, 2010 WL 323426, at *2 (Ohio App. Jan. 28, 2010).  The Ohio Supreme Court might have the opportunity to address the § 142 issue even if this Court does not certify the question.

Court relied, in part, on *W & J Rives, Inc. v. Kemper Ins. Group d/b/a Lumbermens Mut. Cas. Co.*, 374 S.E.2d 430 (N.C. Ct. App. 1988), to hold that the "no action" clause in Lumbermens's policy did not render Sonic's declaratory judgment claim against Lumbermens premature. (Doc. 49 at 22.) The no action clause in Lumbermens's policy states that Sonic cannot file a legal action against Lumbermens until Sonic's legal obligation for damages has been fully determined. (Doc. 56 at 1–2.) The court in *W & J Rives* rejected an insurer's defense that the insured's declaratory judgment claim was premature because the no action clause in that policy had not been satisfied. 374 S.E.2d at 434–35.

Lumbermens distinguishes the *W & J Rives* decision on the basis that the policy in that case included a duty to defend clause. *See* 374 S.E.2d at 433–34. Lumbermens contends that because its policy for Sonic does not contain a duty to defend clause, and Sonic does not allege a breach of the duty to defend, the no action clause in the policy renders Sonic's claim premature. However, the Court concluded in the Order, and concludes now, that the existence of the duty to defend clause was not the dispositive reason the *W & J Rives* court permitted the declaratory judgment claim to proceed. In regard to the insurer's argument that the insured's claim was premature pursuant to the policy's no action clause, the *W & J Rives* court stated that it was "quite proper" under North Carolina law to bring an action "to have the rights and relations between the insured and the insurers clarified." *Id.* at 434–35. Therefore, the Court reads *W & J Rives* to permit an insured's declaratory judgment claim to proceed against an insurer even if the policy's no action clause has not been satisfied. Lumbermens's Motion for Reconsideration will be denied.

## IV. CONCLUSION

For the foregoing reasons, Chrysler Insurance's Motion to Reconsider (doc. 53), Lumbermens's Motion to Reconsider (doc. 56); Great American's Joinder (doc. 61); and Lumbermens's Motion for Joinder (doc. 63) are hereby **DENIED**.

IT IS SO ORDERED.

    ___s/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court