IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Sonic Automotive, Inc., | : | |
| | : | Case No. 1:10-cv-717 |
| Plaintiff, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Lumbermens' |
| Chrysler Insurance Company, *et al.*, | : | Motion to Dismiss, but Granting Stay of |
| | : | Claims Against Lumbermens |
| Defendants. | : | |

This matter is before the Court on Defendant Lumbermens Mutual Casualty Company's Motion to Dismiss (Doc. 120). Lumbermens was placed under an Agreed Order of Rehabilitation ("Rehabilitation Order") on July 2, 2012 by the Circuit Court of Cook County, Illinois in *People of the State of Illinois, ex. rel. Boron, Director of Insurance of the State of Illinois v. Lumbermens Mutual Casualty Company*, No. 12CH24227. (Doc. 120-1.) Lumbermens argues that, accordingly, Plaintiff Sonic Automotive Inc.'s claims against it in this case should be dismissed pursuant to the *Burford* abstention doctrine. For the reasons that follow, the Court will **DENY** the Motion to Dismiss. However, the Court will **STAY** Sonic's claims against Lumbermens during the pendency of the Rehabilitation Order.

**I.**

Sonic brings this suit to obtain coverage under insurance policies issued by the four Defendant Insurers. In the Complaint, Sonic alleges that it has an excess liability policy from Lumbermens providing coverage secondary to an umbrella policy issued by Defendant Great American Assurance Company. (Doc. 1 at 14.) Sonic seeks a declaration that the Lumbermens policy provides coverage for claims against Sonic in the underlying lawsuits upon exhaustion of the Great American umbrella policy. (*Id.* at 29, 34.)

In the Illinois case, the court issued the Rehabilitation Order against Lumbermens in July 2012 pursuant Article XIII of the Illinois Insurance Code, 215 Ill. Comp. Stat. 5/187 *et seq.* (Doc. 120-1 at 1–2.)  The Rehabilitation Order states that the "title to all property, contracts, and rights of action of Lumbermens" are vested with the Rehabilitator.  (*Id.* at 2.)  It further provides as follows:

> [A]ll other persons and entities having knowledge of this Order are restrained and enjoined from bringing or further prosecuting any claim, action or proceeding at law or in equity or otherwise, whether in this State or elsewhere, against Lumbermens . . . or [its] property or assets, or the Director or Rehabilitator, except insofar as those claims, actions or proceedings arise in or are brought in the rehabilitation proceedings prayed for herein; or from obtaining, asserting or enforcing preferences, judgments, attachments or other like liens, including common law retaining liens, or encumbrances or the making of any levy against Lumbermens . . . or [its] property or assets while in the possession and control of the Rehabilitator . . . until the further order of this Court.

(*Id.* at 14.)

**II.**

In recognition of the Rehabilitation Order, Lumbermens moves in the first instance for the Court to dismiss Sonic's claims against it pursuant to the *Burford* abstention doctrine.  (Doc. 120.)  Lumbermens suggests for the first time in its Reply brief that the Court alternatively could stay Sonic's claims against it.  (Doc. 131.)  Abstention pursuant to *Burford v. Sun Oil Company*, 319 U.S. 315 (1943),[1] is appropriate under the following circumstances:

> (1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

---

[1] *Burford* involved a Fourteenth Amendment challenge to the reasonableness of the Texas Railroad Commission's grant of an oil drilling permit.  The Supreme Court held that the district court appropriately declined to exercise jurisdiction over the case.  Observing that the railroad commission had been created by the state to form policy and determine cases and that decisions reached by the commission were subject to thorough judicial review in the state court system, the Supreme Court concluded that "a sound respect for the independence of state action requires the federal equity court to stay its hand."  *Id*. at 334.

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans (NOPSI),* 491 U.S. 350, 361 (1989) (internal quotations and citation omitted); *see also City of Monroe, Ohio v. Middletown Coke Co., Inc.*, No. 1:09-cv-63, 2011 WL 711081, at *3 (S.D. Ohio Feb. 22, 2011) (quoting *NOPSI*).

Federal courts have recognized *Burford* abstention as an appropriate basis to dismiss or stay a case against an insurance company involved in state liquidation proceedings.  *See e.g., Callon Petro. Co. v. Frontier Ins. Co.*, 351 F.3d 204, 209 (5th Cir. 2003) ("We can certainly agree that, had the Superintendent timely moved the district court to dismiss or stay this action on *Burford* grounds, it would have been proper, if not obligatory, for the district court to have done so."); *Lac D'Amiante du Quebec, Ltee v. American Home Assur. Co.*, 864 F.2d 1033, 1048 (3rd Cir. 1988) ("[*Burford*] abstention and stay or dismissal [is] appropriate in the circumstance of a suit against an insurer in liquidation proceedings.").  The Sixth Circuit, likewise, has stated that "*Burford* abstention is appropriate to avoid considering questions regarding state liquidation proceedings in order to protect the state's substantial interests in this regard, provided that no direct federal question is involved."  *Dykhouse v. Corp. Risk Mgmt. Corp.*, No. 91-1646, 1992 WL 97952, at *3 (6th Cir. May 8, 1992) (internal quotation and citation omitted).

Sonic does not contest the above authorities or the general application of *Burford* abstention to an insurer like Lumbermens placed under a state rehabilitation order.  Instead, Sonic argues that the Court should stay the case, but declare that Lumbermens will be bound by any coverage determinations issued during the stay.  (Doc. 125 at 4.)  In a different case against Lumbermens impacted by the Rehabilitation Order, *Mt. McKinley Insurance Company v. Corning Incorporated*, Index No. 602454/2002 IAS Part 3 (N.Y. Sup. Ct.), Lumbermens recently agreed to be bound by coverage determinations made while the claims against it are stayed.

(Doc. 125-6 at 7.)  Lumbermens notes, however, that the facts and procedural posture in this case are distinguishable because Lumbermens is a primary insurer in the *Mt. McKinley* case, but it is an excess insurer in this case.  (Doc. 125-7 at 5; Doc. 131 at 2–3.)  Lumbermens and Sonic had discussed submitting a joint motion to stay Sonic's claims against Lumbermens in this case, but they did not agree to the terms of the stay.  (Doc. 125-8; Doc. 131-1; Doc. 131-2.)

Upon consideration of the parties' briefs, this Court will stay Sonic's claims against Lumbermens pursuant to the *Burford* abstention doctrine.  The Court can address critical issues regarding Chrysler Insurance Company's, Great American Assurance Company's, and Universal Underwriters Insurance Company's duty to defend and provide coverage to Sonic for the underlying suits during the stay because Lumbermens is an excess insurer only.  Lumbermens has stated that it is "unlikely" that it will emerge from the rehabilitation proceedings.  (Doc. 131 at 4.)  The Court will determine how to proceed on Sonic's claims against Lumbermens when and if the Rehabilitation Order is rescinded and the stay is dissolved.

## III.

For the foregoing reasons, the Motion to Dismiss is **DENIED**.  However, the Court hereby **STAYS** Sonic's claims against Lumbermens during the pendency of the Rehabilitation Order.

IT IS SO ORDERED.

S/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court